IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| T&B ELECTRIC CO., INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    1:15cv438 (JCC/TCB) |
| | ) |
| SIMPLEXGRINNELL, LP | ) |
| | ) |
|     Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant SimplexGrinnell, LP's ("Defendant" or "Simplex") Motion to Dismiss. [Dkt. 3.] Following oral argument of counsel, the Court denied the motion from the bench and required Simplex to file an answer no later than May 29, 2015. This opinion memorializes the Court's reason for this decision.

**I. Background**

T&B Electric Company ("T&B") entered into a contract with R.E. Daffan, Inc. ("Daffan") to complete electrical work on one of Daffan's projects ("the project") in Arlington, Virginia. (Compl. [Dkt. 1-1] ¶¶ 6-7.) T&B's scope of work included the security package for the project. (*Id.* ¶ 7.) T&B then contracted with Simplex to install the security package. (*Id.*) The terms of the relationship were set out in a purchase order signed by both parties. (*Id.*) According to T&B, Simplex

1

"failed to perform its duties under the Purchase Order with T&B in a timely manner." (*Id.* ¶ 9.) As a result of Simplex's failure to perform in a timely manner, completion of the entire project was delayed. (*Id.* ¶¶ 10, 12.)

T&B asserted claims against Daffan for breach of contract due to Daffan's alleged failure to fully pay T&B for its work.[1] (*Id.* ¶ 11.) T&B was forced to "compromise" its claims with Daffan "in part" because schedule analyses showed that Simplex's late completion of the security system delayed the entire project. (*Id.* ¶ 13.)

T&B filed a one-count breach of contract action against Simplex in the Circuit Court of Arlington County seeking $123,000 in damages. (*Id.* ¶ 17.) Simplex timely removed to this Court. (Notice of Removal [Dkt. 1] ¶ 3.) Simplex now moves to dismiss the action, arguing that it had no obligation to perform work within a specified time period and therefore could not have breached any obligation to T&B. (Def.'s Mem. in

---

[1] Daffan sued the project owner for breach of contract for the owner's alleged failure to pay Daffan for all work it performed on the project, including a number of claims asserted by T&B on a "pass-through" basis. (Compl. ¶ 11.) The project owner counterclaimed, seeking damages for delays associated with late completion of the project. (*Id.*) Daffan and the project owner settled in July 2014. (*Id.* ¶ 12.) According to T&B, the settlement involved the compromise of claims asserted by Daffan, including T&B's pass-through claims, due, in part, to delays associated with Simplex's security package work. (*Id.*)

2

Supp. [Dkt. 4] at 5.) For the reasons that follow, the Court denied the motion.

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint[.]" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his or her claims.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). To survive a motion to dismiss, a plaintiff's complaint must demand more than "an unadorned, the-defendant-unlawfully-harmed-

3

me accusation." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Legal conclusions couched as factual allegations are not sufficient. *Twombly*, 550 U.S. at 555. Hence, a pleading that offers only "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

Moreover, the plaintiff does not have to show a likelihood of success on the merits. Rather, the complaint must merely allege – directly or indirectly – each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

### III. Analysis

At the outset, the Court must determine which law to apply here. *See Zaklit v. Global Linguist Solutions, LLC*, No. 1:14cv314, 2014 WL 3109804, at *4 (E.D. Va. July 8, 2014) ("Before reaching the merits of Plaintiffs' claims, the Court must first address the important question of the applicable choice of law."). Simplex contends Virginia law applies, as this case was removed to this Court from Virginia state court on the basis of diversity jurisdiction. (Def.'s Mem. in Supp. at 4

4

n.2.) T&B argues that pursuant to paragraph 30[2] of the purchase order,[3] Massachusetts law governs. (Pl.'s Opp. [Dkt. 6] at 4.)

As a federal court sitting in diversity, this Court must apply the choice of law rules of the forum state – in this case, Virginia. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 623-24 (4th Cir. 1999). "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances." *Id.; see Faltings v. Int'l Bus. Mach. Corp.*, No. 87-1123, 1988 WL 83316, at *3 (4th Cir. Aug. 4, 1988) (stating that under Virginia law, choice-of-law provisions are enforced unless there was no reasonable basis for the parties' choice or where one of the parties was misled into agreeing to the provision). Here, there

---

[2] Paragraph 30 of the purchase order states "[t]he laws of Massachusetts shall govern the validity, enforceability, and interpretation of this Agreement." (Def.'s Mem. in Supp., Ex. A, at 11.)

[3] When considering a motion to dismiss, "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, courts may consider "documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (citation omitted). At the motion hearing, the Court expressed skepticism over its ability to consider the purchase order in resolving this motion. However, the purchase order is in fact properly before the Court at this stage. The purchase order is integral to the claims asserted in the complaint as well as arguments raised in Simplex's motion to dismiss.

5

are no "unusual circumstances" that would displace the parties' choice of Massachusetts law. Therefore, Massachusetts law will govern the interpretation of the purchase order.

Under Massachusetts law, the elements of a breach of contract are: "(1) the existence of a valid and binding contract, (2) that the defendant breached the terms of the contract, and (3) plaintiff has suffered damages from the breach." *Pizzeria Uno Corp. v. Pizza By Pubs, Inc.*, No. 09-12015-DJC, 2011 WL 4020845, at *3 (D. Mass. Sept. 9, 2011). Simplex argues the complaint should be dismissed because T&B has not demonstrated that Simplex breached any duty owed to it under the contract. Specifically, Simplex argues that the purchase order did not require it to perform within a specified period of time, and therefore it could not have breached a contractual duty it owed to T&B. (Def.'s Mem. in Supp. at 5.)

Neither party has pointed to a term in the purchase order that requires Simplex's performance by a specified time. However, this does not mean that Simplex had an unlimited amount of time to perform. "[W]here a contract fails to specify a time for performance, 'it is as if within a reasonable time were found in it.'" *Arno v. Arbella Mut. Ins. Co.*, No. 03-1301, 2005 WL 2739905, at *2 (Mass. Sup. Ct. Aug. 26, 2005) (quoting *Town of Warren v. Ball*, 170 N.E.2d 341, 344 (Mass. 1960)); *see also DeCiccio v. Lacoy*, No. 940321, 1998 WL 1182097, at *3 (Mass.

6

Sup. Ct. Mar. 9, 1998) ("In cases where an otherwise valid contract is silent as to a time for performance, the law will impose a reasonable time within which performance is to be expected."). "What is a reasonable time is a question of law, to be determined with reference to the nature of the contract and the probable intention of the parties as indicated by it." *Warren*, 170 N.E.2d at 344.

Here, T&B has stated a viable claim for breach of contract. Neither party disputes that there was a contract between the parties. T&B alleges that Simplex's performance did not occur "within a reasonable time." (Compl. ¶¶ 9-13.) Specifically, Plaintiff contends that Defendant's late completion of the security package installation "impacted and delayed the overall project." (*Id.* ¶ 13.) Finally, T&B adequately alleges damages caused by Defendant's supposed failure to promptly perform. (Compl. ¶¶ 12, 17.) Plaintiff has alleged a breach of contract sufficient to survive a motion to dismiss, and therefore Simplex's motion must be denied.[4]

---

[4] As the facts develop in this case, Simplex is free argue that performance was, in fact, reasonable under the law or assert a statute of limitations defense. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (stating statute of limitations is an affirmative defense that must be raised by the defendant and can only be considered on a motion to dismiss where "all facts necessary to the affirmative defense clearly appear *on the face of the complaint*.") (emphasis in original).

7

The cases cited by Simplex do not support its argument that it had no obligation to timely perform because time for performance was not specified in the contract. In *Zaklit*, this Court held that the defendant did not breach its contractual duty to provide plaintiffs with transportation because the contracts did not create a duty to provide immediate transportation. *Zaklit*, 2014 WL 3109804 at *19. In fact, the employment contracts at issue specifically stated that such transportation could be "significantly restricted, delayed, or made more difficult." *Id.* Similarly, in *Casey Industries, Inc. v. Seaboard Surety Co.*, this Court rejected the idea that a subcontract incorporated the provision of the general contract calling for liquidated damages when work was not completed by the substantial completion date, where the subcontract expressly excluded the terms of the general contract from the subcontracts. No. 1:06cv249, 2006 WL 2126206, at *2 (E.D. Va. July 27, 2006). Finally, in *Car Pool LLC v. Hoke*, the Court dismissed the breach of contract claim because the defendant's actions did not constitute a breach of a confidentiality agreement under the terms of that agreement. No. 3:12cv511, 2012 WL 4854652, at *5 (E.D. Va. Oct. 11, 2012). These cases demonstrate that where the parties have expressly contracted for certain terms, courts will not rewrite the contract's language. Therefore, Defendant's motion must be denied.

## IV. Conclusion

For the following reasons, the Court denied Defendant's motion. An appropriate order will issue.

|  |  |
|---|---|
| May 26, 2015 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |